IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN DORAL ROBINSON, | § | |
| #26646-180, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-982-L-BK |
| | § | |
| UNDERWOOD, Warden, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for judicial screening. On April 19, 2018, Robinson, a federal prisoner at FCI Seagoville, Seagoville, Texas., filed a *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241.[1] Doc. 3. As stated here, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I.    BACKGROUND**

Robinson pled guilty to conspiring to distribute more than 50 grams of crack cocaine and was sentenced to 360 months' imprisonment. Doc. 3 at 1; *United States v. Robinson*, No. 6:03-CR-38-1 (W.D. Tex., Waco Div., May 7, 2004), *aff'd*, 178 F. App'x 408 (5th Cir. 2006) (per

---

[1] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

Because Robinson is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. See *Padilla,* 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

curiam). Robinson then unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. *United States v. Robinson*, No. 6:03-CR-38-1 (W.D. Tex., Waco Div., Sep. 28, 2010).

In the petition *sub judice*, Robinson contends his sentence was unconstitutionally enhanced based on relevant conduct that should not have been considered in light of *Nelson v. Colorado*, ___ U.S. ___, 137 S. Ct. 1249 (2017). Doc. 3 at 1. He asserts that "sentencing enhancements based on unconvicted conduct 'arbitrarily' attached or 'perceived' relevant that violates every Defendant's right to require the Government to prove guilt 'beyond reasonable doubt' of every charged act is no longer applicable and now requires sentencing rescission." Doc. 3 at 2. In support, Robinson cites the savings clause of 28 U.S.C. § 2241, Doc. 3 at 5, and maintains that under *Nelson* his base offense level should be reduced by six levels wrongly assessed: four for being a leader or a manager and two for possessing a firearm. Doc. 3 at 13.

## II.   ANALYSIS

At the outset, this Court evaluates the substance of Robinson's claims to determine if they are properly brought under 28 U.S.C. § 2241. The Court concludes that they are not.

A section 2255 motion to vacate sentence provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (internal quotations and citations omitted). A section 2241 petition, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.* A petition filed under section 2241 is not a substitute for a section 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam).

A section 2241 petition that seeks to challenge the validity of a federal sentence, by challenging errors that occurred at trial or sentencing, must either be dismissed or construed as a section 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, a federal prisoner "may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner bears the burden of showing that the section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Christopher*, 342 F.3d at 382; *Jeffers*, 253 F.3d at 830.

Here, Robinson fails to meet his burden of showing the inadequacy or ineffectiveness of the section 2255 remedy. Robinson cannot rely on section 2241 merely because he cannot seek relief under section 2255. *Cf. Pack*, 218 F.3d 448, 453 (prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

Moreover, the savings clause of section 2255 applies only if

> (1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

*Santillana v. Upton,* 846 F.3d 779, 781-82 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena*, 243 F.3d at 904)) (internal quotations marks & brackets omitted). Robinson fails to establish the above requisites and, thus, he cannot prevail.

First, Robinson has not demonstrated that he was convicted of a nonexistent offense. Notably, he challenges only his guideline calculations and not his conviction. Doc. 3 at 1-3, 13.

Page **3** of **6**

The Court of Appeals for the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Kelley v. Castaneda,* 711 F. App'x 243, 243-44 (5th Cir. 2018) (per curiam) (collecting cases); *see also Padilla,* 416 F.3d at 427 (contrasting sentencing and conviction claims).

Second, Robinson fails to raise a claim based on a retroactively applicable Supreme Court decision. In *Nelson v. Colorado*, the United States Supreme Court overturned on due process grounds Colorado statutes that required defendants whose convictions were reversed or vacated to prove their innocence by clear and convincing evidence in order to receive a refund of costs, fees, and restitution paid under the invalidated convictions. *Nelson*, 137 S. Ct. at 1252 (holding that fees, court costs, and restitution must be refunded to a defendant if the criminal conviction is later invalidated by a reviewing court and the case is not retried). Robinson does not allege that he was ordered to pay fees, court costs, or restitution based on conduct for which he was acquitted. Doc. 3 at 1-2. As such *Nelson* plainly has no bearing on his claims. Contrary to Robinson's assertion, *Nelson* does not address the use of relevant conduct in federal sentencing proceedings. Doc. 3 at 8.

In any event, *Nelson* is not a retroactively applicable Supreme Court decision based on the holding in *Santillana*, 846 F.3d 779, as Robinson argues. Doc. 3 at 5. *Santillana* reaffirmed, for purposes of the savings clause, (1) that the Supreme Court need not make the retroactivity determination and (2) that "new Supreme Court decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." *See* 846 F.3d at 782-84 (citations and brackets omitted) (holding *Burrage v. United States*, 571 U.S. 204 (2014), applies retroactively because it is "a substantive decision narrowing the scope of a federal

criminal statute"). Unlike *Burrage*, *Nelson* does not interpret a federal statute that substantively defines a criminal offense, but Colorado state law. *See Hager v. Underwood*, No. 3:18-CV-0355-D-BN, 2018 WL 2031925, at *2-3 (N.D. Tex. Mar. 16, 2018), *R. & R. accepted*, 2018 WL 2018593, at *1 (5th Cir. May 1, 2018) (Fitzwater, J.) (holding *Nelson* is not a retroactively applicable Supreme Court decision for purposes of the savings clause).

In sum, because Robinson fails to raise a claim that is based on a retroactively applicable Supreme Court decision that establishes that Robinson may have been convicted of a nonexistent offense, the Court is without jurisdiction to consider his petition. *See Christopher*, 342 F.3d at 379 (remanding section 2241 habeas petition for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** August 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE