IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KEVIN DORAL ROBINSON, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-00982-L-BK** |
| | § | |
| **NFN UNDERWOOD,** *Warden*, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Kevin Doral Robinson's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 3), filed April 19, 2018; and Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 5), filed on May 8, 2018. On August 24, 2018, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss without prejudice this action for lack of jurisdiction. Magistrate Judge Toliver found that Petitioner's § 2241 petition could be construed as a § 2255 motion under the savings clause, even though Petitioner had unsuccessfully brought a § 2255 motion in the Western District of Texas in 2010, only if Petitioner satisfied three elements establishing that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Magistrate Judge Toliver concluded that Petitioner had failed to satisfy any one of these elements and, therefore, the court has no jurisdiction over his claims.

On September 17, 2018, Petitioner filed a motion requesting an extension of time to file objections to the Report. Magistrate Judge Toliver granted the motion and set a deadline of October 22, 2018. On October 19, 2018, Petitioner, an inmate at Seagoville Federal Correctional Institution, placed his Objections in the mail, according to a signed Certificate of Service attached to the

**Order – Page 1**

Objections (Doc. 12). The clerk of court received and filed the Objections on October 25, 2018. Based on the date of postmarking, the court treats Petitioner's Objections as timely filed.

Petitioner offers several bases for his objections but none addresses the deficiencies of the petition identified by the magistrate judge. Petitioner questions the validity of the legal standards applied in the Report, specifically contending that the plain language of 28 U.S.C. § 2241 does not include the phrases "inadequate or ineffective" or "challenging the execution of a sentence" that appear in Magistrate Judge Toliver's application of the case law defining the elements for relief under § 2241. Petitioner argues that courts should apply the statutes and laws as they are written, and any deviation from the specific wording constitutes a constitutional violation. Contradicting this position, Petitioner proceeds to cite Fourth Circuit case law explaining that a petitioner who brings a second or successive § 2255 motion must demonstrate that § 2255 is an "inadequate and ineffective means to test the legality of [an appellant's] detention." Pet'r's Objs. 12 (citing *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018)). Petitioner also contends that the magistrate judge relied on outdated precedent that has either been overruled or has "diminished veracity," but he does not reference which cases he refers to or why they are no longer good law. Pet'r's Objs. 2.

Second, Petitioner contends that his petition should have been reviewed by the sentencing court, rather than the magistrate judge. Petitioner appears to be referring to the requirement that an applicant seeking relief under § 2255(e) must apply to the custodial court which, in this case, is the Northern District of Texas, where both the magistrate judge and this court sit. The Report, however, states the basis of the magistrate judge's jurisdiction to entertain the referral is under 28 U.S.C. § 636. The court also notes that, since Petitioner has filed objections to the magistrate judge's recommendation, it has conducted a *de novo* review of that portion of the Report to which he has objected.

Third, Petitioner concedes that *Nelson v. Colorado*[*] neither announces a new rule of constitutional law nor has been made retroactive by Supreme Court authority. He explains that the case is, rather, a "springboard" for his constitutional claims. Pet'r's Objs. 9. Petitioner disagrees with the magistrate judge's determination that *Nelson* is inapposite because that case involved the constitutionality of a Colorado statute requiring defendants with reversed or vacated sentences to prove their innocence to receive a refund for court-imposed fees, and in this case, Petitioner has not been acquitted or alleged that he is entitled to refunded fees. Petitioner contends that the case was "never about 'restitution' (per se)" but rather about "whether a Defendant . . . can be punished for unconvicted conduct." Pet'r's Objs. 18. This objection fails, however, to cure the deficiencies identified by the Report. Petitioner has not identified another retroactively applicable Supreme Court decision that might establish he may have been convicted of a nonexistent offense. As the Report explains, *Nelson* does not address the use of relevant conduct in federal sentencing proceedings. Moreover, Petitioner's claims challenge only his guideline calculations and not the underlying conviction, which is not a proper attack to bring under the savings clause of § 2255(e). *Kelley v. Casaneda*, 711 F. App'x 242, 243-244 (5th Cir. 2018) (per curiam) (collecting cases).

Accordingly, having reviewed the record in this case, Report, and applicable law, and, having conducted a *de novo* review of the Report to which objections have been made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **overrules** the objections and **dismisses without prejudice** this action for lack of jurisdiction.

---

[*] 137 S. Ct. 1249 (2017).

**It is so ordered** this 31st day of October, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge